*29 LYNCH, Circuit Judge,
concurring in the judgment.
I join in the judgment of the majority opinion. I do not join Part III.B or the associated discussions of the topic covered in that Part. I write to explain my different approach on those issues. Although the majority and I agree that this case is properly a § 8(d) contract modification case, we disagree as to what that implies about any separate § 8(a)(5) unilateral change claim. We agree that the § 8(d) contract modification claim was properly handled by the Board.
The peculiar difficulty created by this case is that the Board stated in its opinion that this was a § 8(d) case because the General Counsel had alleged only “unlawful modification of the contracts within the meaning of Section 8(d).” Bath Iron Works Corp., 345 N.L.R.B. No. 33, at 3. I agree with the majority that it is not a fair reading of the record to say that the General Counsel did not also plead a § 8(a)(5) failure to bargain claim.
Normally, if the Board has not directly addressed an issue, we would remand to get the Board’s determination — here, its determination, assuming both claims were raised, on whether this was a § 8(d) case or a § 8(a)(5) case. I agree with the majority’s implicit conclusion that this would be a fruitless exercise. This case is old, as well, and needs resolution.
The majority handles this problem by deciding on its own what the law is on § 8(a)(5) claims to which an employer raises a contractual defense. It justifies its own review of the § 8(a)(5) issue on the ground that the Board has been inconsistent, and so, it says, the court is entitled to engage in de-;novo review. Of course, the Board may, and often has, changed its positions — it is permitted to do so provided it explains itself. See Nat'l Cable & Telecomms. Ass’n v. Brand X Internet Servs., 545 U.S. 967, 125 S.Ct. 2688, 2699-700, 162 L.Ed.2d 820 (2005) (stating that under Chevron, an agency should have flexibility to vary its interpretation of a statute over time). I do not think that de novo review can be justified. I also do not think there has been material inconsistency on the part of the Board.[11] Nor do I think there is any need to get into a discussion of § 8(a)(5) cases at all, since this is not one, or into the dispute between the D.C. Circuit and the Board over the treatment of certain § 8(a)(5) claims, much less take any position on the matter.
*30 In my opinion, while the Board was wrong to say that no § 8(a)(5) claim had ever been pled (if that is in fact what the Board meant), that is immaterial. The Board is not bound by the theories pled by the General Counsel. In explaining at some length the categorical differences between § 8(d) contract modification cases and § 8(a)(5) unilateral change cases, the Board gave a sufficient justification for why this case is properly characterized only as a § 8(d) case. See Bath Iron Works Corp., 345 N.L.R.B. No. 33, at 3. We are required under Chevron to give deference to the policy choices inherent in that decision by the Board. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
The problem posed here is sui generis. It is regrettable that the Board did not acknowledge the nature of the claims before it and posed this dilemma for the courts.

. In describing a supposed inconsistency in the Board's treatment of § 8(a)(5) unilateral change claims, the majority compares § 8(a)(5) unilateral change cases, in which the Board has applied the clear and unmistakable waiver analysis, with a § 8(d) contract modification case, in which the Board applied the sound arguable basis analysis. NCR Corp., which the majority cites in support of the proposition that "[a]t times, ... the Board has determined, without much explanation, that the dispute was solely one of contract interpretation,” was a § 8(d) contract modification case, identified as such, not a § 8(a)(5) unilateral change case.
In NCR Corp., the union did allege a § 8(a)(5) unilateral change violation, 271 N.L.R.B. 1212, 1213-14, but the ALJ explained that on the facts of the case, the proper claim was a § 8(d) contract modification claim, id. at 1217-18. The ALJ then analyzed the claim as a § 8(d) contract modification claim (without applying the sound arguable basis test), id. at 1218-19, and, finding a violation, awarded remedies applicable to contract modification claims, id. at 1219. The Board reversed the ALJ's decision on the merits, applying the sound arguable basis test and concluding that it "[did] not find that the [employer] failed to comply with Section 8(d).” Id. at 1213. The Board made no mention of the ALJ’s determination that a § 8(d) contract modification claim was the appropriate claim on the facts of the case, and it affirmed the ALJ’s rulings, findings, and conclusions that were consistent with its decision. Id.